In the Matter of JOHN J. LORDAN, an Attorney, Respondent.

First Department, July 6, 1926.

**Attorney and client — disciplinary proceedings — attorney disbarred for retaining money paid him by client for specific purpose which he did not use and for failure to render services for which he was paid.**

The respondent, an attorney at law, is disbarred for retaining money paid him by a client to be used in procuring testimony, in a certain case which was not used by the respondent as directed, and for accepting and retaining a fee for services to be rendered which he failed to render.

DISCIPLINARY proceedings instituted by the Association of the Bar of the City of New York.

*Frederick S. Titsworth* of counsel [*Michael S. Gleason* with him on the brief; *Einar Chrystie*, attorney], for the petitioner.

*Nathan D. Stern*, for the respondent.

CLARKE, P. J. The respondent was admitted to practice as an attorney and counselor at law in the State of New York at the April, 1900, term of the Appellate Division, First Department. The petition charges that respondent has been guilty of misconduct as an attorney at law and contains two charges. Charge No. 1 is as follows: " On July 7, 1921, respondent was retained by William C. Moore to act as his attorney and to defend him in proceedings in the Court of General Sessions on two indictments returned against him on the complaints of the Mexican Petroleum Corporation and of Edward L. Doheny, President of the Corporation. On that date Moore paid to respondent $500 as a retainer, and on September 2, 1921, a like amount to cover the balance of his fee as agreed upon for representing Moore in these cases until their final disposition. Respondent secured the services of another attorney to argue the demurrers, the one in the Mexican Petroleum Corporation case being sustained, and the other overruled. On October 20, 1921, Moore paid respondent an additional sum of $250 to be used to secure certain information, which he failed to obtain. That in June, 1922, the respondent disappeared and failed to take any further steps in his client's behalf. After Moore discovered that respondent was located in Allentown, Pa., he wrote to respondent; the respondent failed to reply to any of his letters, and Moore was forced to secure the services of other counsel and pay him a fee to defend him on the indictment that was upheld, also a new indictment returned on the complaint of the Mexican Petroleum Corporation after the first indictment had been disposed of by demurrer."

The learned referee, to whom the matter was referred, states in his report: "The evidence offered by the petitioner to sustain this charge showed that the respondent received the retainer agreed upon and also $250 which was to be used in securing evidence against Doheny. Respondent admitted on the stand that he not only received this retainer but he also received the $250 for the purpose of securing the testimony of one Field having reference to the character of Doheny and which was to be used in the criminal proceeding. He further states that the testimony of Field shows that he never received any money from the respondent and the respondent admitted on the stand that he had not paid out this money, but asserted that he retained the same for extra services that he claimed to have rendered to Moore in the criminal proceeding."

The second charge alleges that on July 27, 1921, respondent was retained by the Broadway Tire Jobbers, Incorporated, and by the Associated Tire Stores Corporation as their attorney to institute proceedings against the United States Tire Company and the Kelly-Springfield Company, and to undertake the handling of all litigation or negotiations in connection therewith, and that this retainer was secured after the respondent falsely represented that he and his associates had influence with the United States Attorney for the Southern District of New York, and for this reason could win the case if the matter was placed in his hands. The respondent failed to take any steps in his clients' behalf and has refused to return the $500 received as retainer.

The learned referee further reports that the respondent does not dispute receiving the sum under the retainer set out in the petition. He furthermore admitted on the stand that he had received this sum and that he had done nothing either in the commencement of the suit or in obtaining a settlement of the litigation for which he had been retained. He furthermore admitted that he had promised his clients, after his failure to do anything for them, to return the sum of $500; and he also admitted that he never returned the same and refused to pay it over because he had ascertained that his clients had made a profit in their business.

The report also states: "From an examination of the evidence submitted, to which I have already referred it is apparent that so much of the first charge in the petition as charges the respondent with having retained the sum of $250 which was given to him for the specific purpose of procuring certain testimony, has been sustained."

" In connection with the second charge, I also find that the

allegation of the petition in which the respondent is charged with having received a retainer from his clients for which he did nothing has been proven. These findings are not only based upon the testimony offered by the petitioner, but also upon the admissions of the respondent upon the witness stand."

We have carefully considered the entire record and have reached the conclusion that the report of the learned referee is sustained thereby and we accordingly approve the same. The respondent not only abandoned his clients and neglected to answer repeated letters mailed to and received by the respondent, but in this proceeding itself he has followed the same course towards his own counsel, who in affidavits presented sets forth that the respondent has neglected to respond to repeated requests for information and advice requested by his attorney for the purpose of presenting his defense. Respondent has removed his residence to another State and is apparently indifferent to any action which this court may take in this proceeding. We are of the opinion that the acts complained of have been sustained by the evidence. He should be disbarred.

DOWLING, MERRELL, McAVOY and MARTIN, JJ., concur.

Respondent disbarred. Settle order on notice.